IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HILTON SERVICES, LLC | § | |
|     Plaintiff | § | |
| v. | § | Civil Action No. 6:12-cv-01011 |
| | § | |
| MAZUMA CAPITAL CORP. and | § | |
| TRANSPORTATION ALLIANCE | § | |
| BANK INC. | § | |
|     Defendants | § | |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Hilton Services, LLC, Plaintiff herein ("Hilton Services"), filing this First Amended Petition for Declaratory Judgment,[1] pursuant to the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code and would show the Court the following:

### I. PARTIES, JURISDICTION, AND VENUE

1. Hilton Services, LLC is the successor in interest to Hilton Services, LP. Hilton Services, LLC is a Texas Limited Liability Company doing business in Cherokee County, Texas.

2. Defendant Mazuma Capital Corp. (hereinafter "Mazuma") was and is a Utah Corporation with its primary place of business at 13997 S. Minuteman Dr., Suite 200. In filing its Texas lawsuit, which was removed resulting in this action before this Court, Hilton Services performed a search through the Secretary of State for a Registered Agent for Mazuma. Not only does Mazuma have no registered agent in Texas, it does not appear at all in a Secretary of State

---

[1] This is actually the Original Complaint but is the First Amended document requesting relief in this Court. Because the matter was removed after filing the Original Petition in the 2nd Judicial District Court, Cherokee County, Texas, it is styled as an Amended Complaint to reflect that it is not the original document requesting relief.

search unless under a different name. Hilton Services made diligent attempts to determine whether any of the corporations with Mazuma in their name were related to the Mazuma at issue here. As far as Hilton Services can tell, at this point, Mazuma has no registered agent in Texas as it is required to have under Tex. Bus Org. Code §5.201(a)(b). Because Mazuma had no registered agent for service of process in Texas, Hilton Services perfected through the Secretary of State for Texas, P.O. Box 12079, Austin, Texas 78711-2079 pursuant to Texas Civil Practice and Remedies Code §17.044 and Texas Business Organizations Code §5.251. Mazuma has filed a Motion to Dismiss in this case. Mazuma's counsel has agreed to waive any further service that may be necessary.

3. Defendant Transportation Alliance Bank Inc. ("TAB") is an FDIC-insured Utah industrial bank with its principal place of business in Ogden, Utah. On October 16, 2012, unbeknownst to Hilton Services, TAB filed a Complaint in the United States District Court for the District of Utah, Central Division, Case No. 1:12-cv-00221 (the "Utah Federal Case") against Hilton Services, LP (Hilton Services's predecessor-in-interest). Mazuma intervened in that matter. TAB purports to be the assignee of the Lease that is the subject matter of this dispute and the Utah Federal Case. And Mazuma has contended that TAB is a necessary party herein. Accordingly, Hilton Services sues TAB as purported assignee – though Hilton Services contests that said assignment was properly perfected. Hilton Services has filed a Motion to Dismiss the Utah Federal Case. TAB has agreed to waive service of process of this Amended Complaint.

### III. JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. The matter in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 (b)(2).

7. Additionally, venue may be mandatory in this Court. Pursuant to Texas Civil Practice & Remedies Code §15.017, a suit for damages for defamation must be brought in the county where the plaintiff resided when the cause of action accrued. The cause of action accrued while Hilton Services resided in Cherokee County. Defendant Mazuma has removed this matter to this Court. But this Court should be a Court of mandatory venue pursuant to the law of the state of Texas on this issue.

7. As set forth more fully in Hilton Services's Motion to Dismiss the Utah Federal Case, this court is the proper court for jurisdiction and venue purposes and the Utah Federal Case was not filed in the proper court because (1) the Master Lease Agreement is a forgery and therefore the forum selection clause contained therein is not enforceable, (2) Hilton Services's principal place of business is in Cherokee County, Texas, (3) Hilton Services has not availed itself of the jurisdiction of Utah – it does no business there and has not availed itself of the benefits of Utah, (4) Mazuma has purposefully availed itself of the privilege of doing business in Texas and conducting activities in Texas, (5) TAB has taken on the attributes of Mazuma for purposes of jurisdiction due to its purported assignment, (6) Mazuma's - or TAB's as the case may be - actions in Texas have been purposeful and have brought each advantage and profit, (7) Hilton Services's claims arise from or relate to Mazuma's (or TAB's) acts in Texas and Mazuma's (or TAB's) claims arise from Hilton Services's acts in Texas, and (8) Mazuma and TAB have and had continuous and systematic contact with Texas; Hilton Services has no contact with Utah. A

true and correct copy of Hilton Services's Motion to Dismiss filed in the Utah Federal Case is attached hereto as Exhibit A-1 and incorporated herein by reference as if set forth in full. Attached hereto as Exhibit A-2 and incorporated herein by reference is a true and correct copy of the Affidavit of Doug Hassell used to support this Complaint and the Utah Federal Case Motion to Dismiss. Attached hereto as Exhibit A-3 and incorporated herein by reference is a true and correct copy of the Hilton Services, LP Agreement used to support this Complaint and the Utah Federal Case Motion to Dismiss. Attached hereto as Exhibit A-4 and incorporated herein by reference is a true and correct copy of the Hassell Investments, LLC Agreement used to support this Complaint and the Utah Federal Case Motion to Dismiss. Attached hereto as Exhibit A-5 and incorporated herein by reference is a true and correct copy of the Certificate of Conversion demonstrating conversion from Hilton Services, LP to Hilton Services, LLC used to support this Complaint and the Utah Federal Case Motion to Dismiss. Attached hereto as Exhibit A-6 and incorporated herein by reference is a true and correct copy of a January 12, 2012 letter from Mazuma to Hilton Services used to support this Complaint and the Utah Federal Case Motion to Dismiss. Attached hereto as Exhibit A-7 and incorporated herein by reference is a true and correct copy of the Affidavit of Carie Hassell used to support this Complaint and the Utah Federal Case Motion to Dismiss. Exhibits A-1 through A-7 are referred to collectively in this Complaint as Exhibit A.

### IV. FACTS

8. On or about February 24, 2011, a Master Lease Agreement was purportedly entered into between Mazuma and Hilton Services. What is believed to be a true and correct copy of the Master Lease Agreement is attached hereto as Exhibit B and incorporated herein by reference.

9. The Master Lease Agreement states that it was signed by Kristin Jones, Vice President of Mazuma and Doug Hassell, President of Hassell Investments, LLC, the general partner of Hilton Services LP (now Hilton Services, LLC).

10. But Doug Hassell - President and Member of Hassell Investments, LLC, the general partner of Hilton Services, LP (now Hilton Services, LLC), whose consent was required to bind Hilton Services, LP - did not sign this document. *See* Exhibit A (specifically A-1 and A-2). The Master Lease Agreement is a forgery. *See* Exhibit A (specifically A-1 and A-2).

11. Because it was forged, the Master Lease Agreement is void *ab initio*. *Garcia v. Garza*, 311 S.W.3d 28, 44 (Tex. App. – San Antonio 2010 pet. denied). When a contract is void *ab initio* it is a nullity from its inception and is of no effect. *Commonwealth Land Title Ins. Co. v. Nelson*, 889 S.W.2d 312 (Tex. App. – Houston [14th Dist.] 1994, writ denied). A forged document is void from the outset as though it did not exist. *Morris v. Wells Fargo Bank, N.A.*, No. 05-09-01013-cv, 2011 WL 667978 at *4 (Tex. App. – Dallas Feb. 2, 2011, no pet. h); *Nelson*, 889 S.W.2d at 318. Further, Federal courts that have addressed this issue have uniformly held that a forum selection clause contained in a forged document cannot be enforced. *See, e.g.*, *Aeons Centro De Administracao De Empresas LTD v.Central Bank of Nigeria*, 2012 WL 3233523 at *3 (D. Md. Aug. 3, 2012) ("[Plaintiff] cannot bootstrap itself into court in this district by relying a forum selection clause contained in a contested document, the Defendant's valid execution of which is at the very heart of the litigation."); *U.S. Merchant Systems, LLC v. A Furniture Homestore, LLC*, 2007 WL 1302979 at *2-*3 (N.D. Cal. May 3, 2007) (ruling that "[t]he forum selection clause cannot be enforced" after finding that document containing clause was forged).

12. Despite informing Mazuma that the Master Lease Agreement is a forgery, Mazuma continued to attempt to collect from Hilton Services pursuant to Master Lease Agreement.

13. Accordingly, On November 21, 2012, Hilton Services filed suit against Mazuma (predecessor in interest to TAB with regard to the purported Master Lease Agreement) in the District Court for the 2nd Judicial District, Cherokee County, Texas, Cause No. 2012-11-0855 (the "Texas Lawsuit") to ask that Court to declare whether the Master Lease Agreement is void.

14. Unbeknownst to Hilton Services, TAB – despite having been told by Doug Hassell that he did not sign the Master Lease Agreement and that the same was void – filed the Utah Federal Case on October 16, 2012. Doug Hassell had no knowledge of the Utah Federal Case until he was served with process on November 27, 2012 – six days after Hilton Services filed the Texas Lawsuit.

15. Accordingly, Hilton Services asks this Court to declare whether the Master Lease Agreement is void.

16. On information and belief, either one or both Defendants have published a statement of fact with regard to and referring to Hilton Services to a third person or third persons, which was defamatory and false.

17. It is believed that one or both Defendants discussed Hilton Services's refusal to pay pursuant to the Lease Agreement with another entity that was going to extend credit to Hilton Services to provide Hilton Services with operating capital.

18. It is further believed the statement did not make clear that Hilton Services contends – and has contended – that the Lease Agreement is a forgery and is unenforceable.

19. Upon publishing the statement, the third party refused to provide the operating capital that it previously planned to provide, citing conversations and discussions with either or both Defendants.

20. This claim is being further investigated at this time and will be amended upon further discovery on this issue.

## CAUSES OF ACTION/RELIEF REQUESTED

**A.     Request for Declaratory Judgment**

21. Hilton Services incorporates paragraphs 1-21 herein.

22. There exists a real and substantial, justiciable controversy about the rights and statuses of the parties, and a declaration as to whether this Master Lease Agreement is enforceable would resolve the controversy.

23. Hilton Services asks this Court to declare that the Master Lease Agreement was void *ab initio* because it is a forgery.  Such a declaration will resolve the controversy in this case.

**B.     Defamation**

24. Hilton Services incorporates paragraphs 1-23 herein.

25. On information and belief, either one or both Defendants have published a statement of fact with regard to and referring to Hilton Services to a third person or third persons, which was defamatory and false.

26. The statement(s) was made either negligently or with actual malice or without regard to fault and Hilton Services has suffered demonstrable pecuniary injury in that it is unable to obtain credit for operating costs that it was set to obtain prior to the believed statements.

27. Hilton Services has suffered damages to its credit reputation and business reputation because of the statement(s).

28. Hilton Services further asks this Court for all exemplary damages to which it may be entitled based on Defendant's actions if it is shown that Defendant(s) have engaged in actual malice with regard to the above-referenced defamation.

## C. Business Disparagement

28. Hilton Services incorporates paragraphs 1-27 herein.

29. Further, or in the alternative if necessary, on information and belief one or both Defendants published disparaging words about Hilton Services's economic interests.

30. Those words were false and were published with malice and without privilege.

31. The published words have caused Hilton Services special damages including loss of credit.

32. Hilton Services asks this Court for all exemplary damages to which it may be entitled based on Defendants' actions if it is shown that Defendant(s) have engaged in actual malice with regard to the above-referenced business disparagement.

## D. Attorneys' Fees

33. Hilton Services incorporates paragraphs 1-32 herein.

34. Hilton Services has retained Jill C. Penn and R. W. (Ricky) Richards and the law firm of Richards ⚜ Penn, LLP to represent it in this proceeding and has agreed to pay them reasonable and necessary attorneys' fees (both at trial and on appeal), costs and expenses. An award of reasonable and necessary attorneys' fees, costs, and expenses to Hilton Services would be equitable and just and therefore authorized by §§ 37.009 and 42.004(a) of the Texas Civil Practice and Remedies Code.

Additionally, because TAB filed the Utah Federal Suit against Hilton Services in an improper forum before a Court with no jurisdiction over Hilton Services, or at a minimum in an

improper venue, Hilton Services has retained Brent O. Hatch, Phillip J. Russell (10445), and the law firm of Hatch, James & Dodge, P.C. to represent it in the Utah Federal Suit and has agreed to pay them reasonable and necessary attorneys' fees (both at trial and on appeal), costs and expenses. An award of reasonable and necessary attorneys' fees, costs, and expenses to Hilton Services for their time and for costs in that suit would be equitable and just and therefore authorized by §§ 37.009 and 42.004(a) of the Texas Civil Practice and Remedies Code.

WHEREFORE PREMISES CONSIDERED, Hilton Services prays that citation be issued in this case, and for judgment of the Court in favor of Hilton Services declaring the rights and status of the parties and judgments as set forth above, and in favor of Hilton Services for attorneys' fees, expenses and costs, and pre- and post-judgment interest at the maximum legal rate. Hilton Services further prays for such other and further relief, both general and special, both at law and in equity, to which Hilton Services may be justly entitled to receive.

Respectfully submitted this 1st day of February, 2013.

By: /s/ Jill Campbell Penn

R. W. (Ricky) Richards
State Bar No. 16854100
Jill Campbell Penn

                                        State Bar No. 24051181
                                        RICHARDS ⚜ PENN, LLP
                                        ATTORNEYS AT LAW
                                        P. O. Drawer 1309
                                        516 East Commerce Street
                                        Jacksonville, Texas  75766
                                        Telephone No. 903/586-2544
                                        Fax No.  903/586-6529

                                        ATTORNEYS FOR PLAINTIFF HILTON
                                        SERVICES, LLC

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 1st day of February, 2013.

Local Rule CV-5(a)(3)(A).  I further certify that counsel for Transportation Alliance Bank and counsel for Mazuma Capital Corp. have agreed to waive service in this matter and have been provided a copy of the foregoing on the 1st day of February, 2013.

                                                        \s\Jill C. Penn
                                                        JILL C. PENN